Territorial Law Library

FILED
SUPERIOR COURT

2013 NOV 13 PM 4: 19

CLERK OF COURT

**IN THE SUPERIOR COURT OF GUAM**

NETCARE LIFE and HEALTH
INSURANCE COMPANY, INC.,

             Plaintiff,

        v.

CARMELITA ROTE and ROBERT
KEOGH, personally and the LAW
OFFICES OF ROBERT L. KEOGH,

             Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. CV0789-10

**DECISION AND ORDER ON DEFENDANT'S MOTION TO STRIKE**

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on August 19, 2013 on Defendant's Motion to Strike. Attorney Joshua Walsh represented Plaintiff Netcare Life and Health Insurance Company, Inc. Attorney Robert Keogh represented the Defendants Carmelita Rote, himself *pro se*, and the Law Offices of Robert Keogh. Following the hearing the Court took the matter under advisement. Having considered the parties' arguments and the applicable law, this Court now issues its Decision and Order.

## FACTUAL BACKGROUND

On May 6, 2013, Defendants filed their Motion to Strike the filing of a Rule 68 Offer of Judgment. On July 9, 2012, Plaintiff filed a Declaration of Joseph C. Razzano, to which the Rule 68 offer was attached as Exhibit 8. It is Defendants' contention that the offer was attached for an impermissible purpose and moves this Court strike the Rule 68 Offer of Judgment and Seal Exhibit 8 of the July 9, 2012 Razzano Declaration.

VAL

On June 3, 2013, Plaintiffs filed their Opposition. Plaintiff argues that the filing was proper under Rule 408 of the Rules of Evidence. For the reasons set forth below, the Court shall grant the Motion to Strike.

## DISCUSSION

Defendants move to strike Exhibit 8 to the July 9, 2012 Razzano Declaration as being impermissibly filed with this Court. Defendants object as Exhibit 8 was served on Plaintiff as a Rule 68 Offer of Judgment.

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof, and thereupon the clerk shall enter judgment. *An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs.*

Guam R. Civ. P. 68 (emphasis added).

> Plaintiff argues that the filing was permissible under Evidence Rule 408:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. *This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, [negating] a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.*

Guam R. Evid. 408 (emphasis added).

Plaintiff states the reason for Exhibit 8's inclusion in the Exhibit was to refute a contention of undue delay on their part. Defendants maintain it was filed instead to taint the proceedings or cause prejudice.

Decision and Order
Case No. CV0789-10

This Court does not base its rulings on inadmissible evidence. Such evidence is not properly before the Court and therefore is not considered in making a determination of fact or law. This Court is well-aware of the policies and practices behind an offer such as that which is the subject of this motion. However, the Rule 68 offer need not have been filed with this Court. Without drawing a conclusion as to Plaintiff's intentions in filing it, the Court is unconvinced it was proper under Rule 408 standards. For this reason, the Court shall grant Defendants' motion to strike.

**CONCLUSION**

For the reasons set forth above, the Motion to Strike the Rule 68 Offer, filed as Exhibit 8 to the July 9, 2012 Razzano Declaration, is hereby **GRANTED**.

It is **SO ORDERED** this 13th day of November, 2013.

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

NOV 1 3 2013

Esther L. S. Pinaula
Deputy Clerk, Superior Court of Guam

